# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,            )
                             )
          Plaintiff,          )
                             )
    v.                        )    Cr. ID. No. 1510007181
                             )
                             )
DOMINIQUE TISINGER           )
                             )
          Defendant.          )

Date Submitted: November 5, 2018
Date Decided: February 1, 2019

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Mark A. Denney, Esq., and Erika R. Flaschner, Esq., Deputy Attorneys General, Delaware Department of Justice, 820 N. French St. 7th Floor, Wilmington, Delaware, 19801. Attorneys for the State.

Cathy Johnson, Esq., Office of Defense Services, 820 N. French St. 3rd Floor, Wilmington, Delaware, 19801. Trial Counsel for Defendant.

Dominique Tisinger, *pro se*.

**MANNING**, Judge:[1]

---

[1] Sitting by designation as a Commissioner of the Superior Court pursuant to an Order signed by the Chief Justice, October 26, 2018; Del. Const. Art. IV, § 38 and 29 *Del. C.* § 5610.

This 1st day of February 2019, upon consideration of defendant Dominique Tisinger's Motion for Postconviction Relief ("Motion"), I find and recommend the following:

## Facts and Procedural History

Mr. Tisinger ("Defendant") was convicted in the Superior Court following a non-jury trial on June 7, 2016, of Carrying a Concealed Deadly Weapon, Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited and Resisting Arrest. Defendant was also convicted of the charge Attempted Escape in the Third Degree.[2] Defendant was sentenced on October 7, 2016, to a total of ten years and six months of unsuspended level five incarceration, followed by decreasing levels of probation. Defendant filed a motion for modification of sentence that was denied by this Court on March 7, 2017. Defendant subsequently appealed his convictions to the Delaware Supreme Court. However, the appeal was dismissed as untimely on May 10, 2017.[3]

On September 25, 2017, Defendant filed the instant Motion pursuant to Superior Court Criminal Rule 61.[4] The Motion was subsequently referred to the undersigned judicial officer and a briefing schedule was issued. Trial Counsel filed

---

[2] Prior to sentencing the State entered a *Nolle Prosequi* as to this charge.
[3] DI# 45.
[4] DI# 46.

1

an Affidavit responding to the claims made by Defendant on December 12, 2017.[5] The State filed its Response on February 19, 2018.[6] On May 1, 2018, the Court received a letter from Defendant. Although not captioned as such, I considered this letter as Defendant's Reply to the State's Response.[7] After review of the various pleadings, I deemed it unnecessary to hold an evidentiary hearing based on the nature of Defendant's allegations. However, I did order additional briefing instructing the parties to address why a motion to suppress was never filed in light of the Delaware Supreme Court's holding in *Jones v. State*, 745 A.2d 856 (Del.1999).[8] Defendant filed a Motion for Default Judgment on October 10, 2018, and a Reply to the State and Defense Counsel's supplemental submissions on November 5, 2018.[9]

The facts of the case, as summarized from the Affidavit of Probable Cause, Defense Counsel's Amended Response and the State's Response, are as follows:

> On October 12, 2015, Wilmington Police received a 911 call from a citizen who alleged that an armed man was following her, waving a gun in her face and threatening her life. The caller's voice was described as raised, erratic and highly agitated due to the display of a gun and threats. The caller informed police of her location, which was at the Auto Zone. Police responded to the call and received additional information from a concerned citizen at the Auto Zone. The citizen stated that the subject was a black male wearing a black hooded jacket and white jeans and was walking with a white male on Lancaster Avenue. Police checked the area and observed Defendant wearing the same clothing and walking with a white male on Lancaster Avenue.

---

[5] DI# 50.
[6] DI# 51.
[7] DI# 54.
[8] DI# 55.
[9] DI# 61.

When police pulled up in a marked police car alongside Defendant, Defendant immediately put his right hand into the right pocket of his jacket. Police ordered the Defendant to stop and show his hands, whereupon he immediately fled. As Defendant ran away, he threw a gun to the ground within ten feet from Officer Pruitt who observed the Defendant remove the gun from his person and throw it. Defendant was apprehended shortly thereafter by other nearby officers. After being arrested, Defendant attempted to escape from the custody of Officer Reddick.

Defendant's claims for postconviction relief, quoted verbatim, are as follows:

Ground One: Ineffective assistance of counsel/incompetent counsel. Every motion filed on my behalf was done pro se, including the appeal. I requested my lawyer to file a suppression motion which she never did and I contacted the judge about it, Judge Jurden.

Ground Two: Denial of the right to confront witnesses/6th Amendment right. There were two 911 calls and an officer met with an unidentified person and their statements were admitted into evidence under the exception to hearsay rule under the excited utterances clause.

Ground Three: Suppression of favorable evidence. At trial I was informed that the handgun that was retrieved had finger prints (DNA) on it that did not match to me. That evidence would have been favorable in a suppression hearing.

Ground Four: Officer Reddick gave and submitted a police report then got on the stand at trial and he didn't remember none of the events that he reported. Also, officer Reddick was charged with Second Degree Arson and providing false statements and other charges but was not convicted of these crimes at the time of the trial.

3

## Legal Standard

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[10] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[11]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[12] Most germane to this case, mere allegations of ineffectiveness will not suffice—a defendant must make and substantiate concrete allegations of actual prejudice.[13] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[14]

---

[10] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[11] *Id.*
[12] *Id.* at 697.
[13] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[14] *Strickland*, 466 U.S. at 691.

4

In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be viewed from his or her perspective at the time decisions were being made.[15] A fair assessment of attorney performance requires that every effort is made to eliminate the distorting efforts of hindsight. Second guessing or "Monday morning quarterbacking" should be avoided.[16]

## Analysis

The procedural requirements of Rule 61 must be addressed before considering the merits of any argument.[17] Defendant's Motion was timely filed and is not repetitive, thus satisfying the procedural requirements of Rule 61. Therefore, the Motion should be decided on its merits.

Ground One: Defendant claims that Defense Counsel was ineffective because she failed to file a motion to suppress the firearm that he discarded after being confronted by the police and ordered to take his hands out of his pockets. Defense Counsel contends that a motion to suppress was unwarranted because the police officers who seized Defendant did possess the required reasonable and articulable suspicion as set out by *Terry v. Ohio*.[18]

---

[15] *Strickland*, 466 U.S. at 691.
[16] *Id.*
[17] *See Younger*, 580 A.2d at 554.
[18] 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)

Under well-settled Fourth Amendment jurisprudence, a warrantless police seizure is justified only when, based upon specific and articulable facts which, taken together with rational inference from those facts, reasonably warrant the belief that a crime is being or has been committed.[19] The Delaware Supreme Court has defined reasonable and articulable suspicion as an "officer's ability to point to specific and articulable facts which, taken together with rational inference from those facts, reasonably warrant the intrusion."[20] Reasonable suspicion is assessed using "the totality of the circumstance as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with an officer's subjective interpretation of those facts."[21] Finally, determining whether an officer had reasonable and articulable suspicion to conduct a stop requires a threshold finding of when the stop actually took place.[22] Here, the issue under advisement is whether the police officer had such reasonable suspicion to detain Defendant when he directed him to stop and show his hands.

Based on my review of the pleadings and amended responses from Defense Counsel, the State, and Defendant, it is apparent that the police officers had reasonable suspicion when the initial seizure (i.e. the command to stop) took place.

---

[19] *Id.*

[20] Bryant v. State, 156 A.3d 6696, 2017 WL 568345 at *1 n. 1 (quoting Jones, 745 A.2d at 861) (Del. 2017).

[21] See Jones v. State, Jones, 745 A.2d at 861.

[22] See Flower v. State, 195 A.3d 18 (Del. 2018) (citing Lopez-Vazquez, 956 A.2d at 1286; Terry 392 U.S. at 21-22, 88 S.Ct. 1868)

6

The police officers drove up to Defendant in their marked patrol vehicle and ordered him to stop. Thereupon, Defendant immediately placed his hand into the right pocket of his hooded jacket. However, even prior to this suspicious action, the police officers were justified in ordering the Defendant to stop given the nature of the 911 call, the close association in time and geography, and the matching detailed description of the suspect provided by the witness at the Auto Zone.

Although somewhat similar, the facts of this case are indeed distinguishable from those in *Jones v. State*. In this case, the 911 caller was alarmed, the complaint was detailed, and, most importantly, a witness at the Auto Zone corroborated the information communicated by the 911 caller and provided first-hand information. In *Jones*, the initial seizure of the suspect was based solely on an uncorroborated and anonymous 911 call where the suspect had not made any suspicious gestures when approached by police. Additionally, when Defendant placed his hand in his jacket pocket when approached by the police officers, causing the police officers, who were informed that the suspect was armed and had just threatened a person, to immediately fear for their safety. Upon giving flight, another officer actually witnessed Defendant throw the gun to the ground. Therefore, Defense Counsel's decision not to file a motion to suppress evidence was not objectively unreasonable under the circumstances and would have stood little chance of being granted in any event. Thus, Defendant has failed to show that there is a reasonable probability that

7

the outcome of the proceedings would have been different had Defense Counsel pursued a motion to suppress.

Ground Two: Defendant argues that he was denied the right to confront witnesses. Defendant makes reference to the 911 call and the conversation police officers had with the citizen at Auto Zone. However, just as Defendant noted in his Motion, the statements by both witnesses were correctly entered into evidence under the excited utterance exception to the hearsay rule.

Ground Three: Defendant makes the assertion that a lack of his DNA on the retrieved handgun was suppressed evidence favorable to his defense. However, as the state correctly points out, there is no requirement that the state test for DNA; therefore, Defendant's argument fails to meet the burden for relief under Rule 61 and Strickland.

Ground Four: Defendant's statement that Officer Reddick was charged with various offenses subsequent to his arrest is indeed accurate. However, Defendant has presented no evidence that calls into question the truth or reliability of Officer Reddick's very limited trial testimony. Additionally, the State entered a *nolle prosequi* as to the sole charge involving Office Reddick prior to sentencing in an effort to curing any litigation issues related to Officer's Reddick's testimony. Because Officer Reddick was not involved in the initial stop of Defendant or the recovery of the firearm, any issues as to his credibility are attenuated at best.

## Conclusion

Defendant's claims of ineffective assistance of counsel should be **DENIED**;

his Motion for Default Judgement should also be **DENIED**.

**IT IS SO RECOMMENDED.**

Bradley V. Manning,
Judge

oc:   Prothonotary
cc:   Defendant via first class mail, all counsel via e-mail